**WHITE et al. v. WRIGHT.**

**No. 13184.**

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1935.

W. Erskine Williams, of Fort Worth, for appellants.

Carlton & Ragan, of Fort Worth, for appellee.

BROWN, Justice.

Appellee sued appellants in the justice court of precinct No. 1, of Tarrant county, pleading, orally, to recover the sum of $175 for the breach of a builder's contract; appellants having contracted to build certain improvements for appellee. He recovered a joint and several judgment against appellants in the sum of $60 from which an appeal was taken to the county court at law No. 2, of Tarrant county.

The pleadings in such county court were oral. The case was tried to a jury, and the charge given was a general charge.

No objections to the charge were made by any party to the suit.

In the charge the trial court advised the jury what was at issue, and instructed them what was necessary to be found in order for the plaintiff to recover, and under what facts they should return a verdict for the defendants. He further instructed them in the charge: "Now bearing in mind the foregoing instructions, if you find that plaintiff is entitled to recover, then state what amount of money, if any, will reasonably compensate the plaintiff for such damages, if any you have found. Write your verdict here."

After charging on the credibility of witness, the weight to be given their testimony, etc., the trial court prepared for the jury, at the bottom of the charge and after his official signature, the following: "We, the jury, return our verdict herein as above set forth." Under these words the signature of the foreman, as such, appears.

In the body of the charge after the words "Write your verdict here," the jury inserted the figures "$170.00."

The trial court received this verdict and rendered judgment for appellee against appellants jointly and severally for $170.

Appellants filed a motion for a new trial which contains six paragraphs. The first complains that the verdict is contrary to the evidence; the second complains that the jury failed to be governed by the law as submitted in the court's charge; the third asserts that any judgment the court may render on the verdict will be contrary to the law given to the jury; the fourth complains of the form of the charge in certain particulars; the fifth complains that the verdict is so indefinite that it cannot be determined therefrom whether the jury found for the plaintiff, or the defendants; the sixth complains of the verdict as excessive.

In appellants' brief they present four assignments of error, which they treat as propositions of law. They urge these as fundamental errors. Only one of these is remotely related to the assignments of error presented in the motion for a new trial, namely, the last proposition.

 We do not find any fundamental error in assignments of error Nos. 1, 2, and 3, and decline to consider them. All of them refer to the manner and form in which the court charged the jury. These errors, if such they be, appellants waived. Article 2185, R. C. S.

The fourth assignment of error is carved out of paragraph 5 of appellants' motion for a new trial. It is as follows: "Where the court enters judgment for plaintiff, who is appellee here, upon a verdict of the jury which was vague and indefinite, and it is not stated for whom the jury found, whether plaintiff or defendants, judgment so entered upon said verdict, constitutes fundamental error."

The charge of the court is such that the verdict returned thereon by the jury clearly shows that the jury awarded plaintiff $170 damages against the defendants. No other interpretation is deducible or reasonable.

Finding no fundamental error in the record, the judgment of the trial court is affirmed.